DECISION
Before this Court is Defendant's Motion to Seal the records relating to the deferred sentence received in this case on April 14, 2003. Defendant, Eileen Morrice, seeks this relief pursuant to G.L. 1956 § 12-19-19(c), as recently amended. The State objects, adopting its arguments set forth in a similar case decided contemporaneously herewith, State v. Joseph Warzycha, P1-2002-1291A. Specifically, the State adopts herein its arguments in State's Objection to Warzycha's Motion for Exoneration of and Sealing of a Deferred Sentence as well as the State's Surreply in Support of its Objection to Warzycha's Motion for Exoneration of and Sealing of a Deferred Sentence. In those memoranda, the State argues that the amendment to § 12-19-19 does not apply retroactively and that it violates the doctrine of separation of powers. For the reasons that follow, Defendant's Motion is denied.
On April 14, 2003, Defendant entered a plea of nolo contendere to one count of conspiracy to violate the Controlled Substances Act and two counts of obtaining a controlled substance by fraud. She received a deferred sentence on each count, and was further ordered to pay restitution. Defendant asserts that she has successfully completed that five-year deferred sentence. On September 14, 2010, Defendant filed her Motion to Seal pursuant to § 12-19-19(c), *Page 2 
as amended on June 25, 2010.[1] Defendant argues that because she has complied with all of the terms and conditions of her written deferred-sentence agreement with the State, she is entitled to have the records in this criminal information sealed. The State has objected.
Following the State's initial objection in Warzycha, a briefing schedule was set to allow all interested parties to file memoranda with this Court, including this Defendant and other defendants in unrelated cases who likewise sought to have their records sealed pursuant to § 12-19-19(c) after successfully completing the terms of their deferred-sentence agreements. As the State had filed only its memorandum in Warzycha
on September 17, 2010, but had not specifically objected in writing to other defendants' Motions to Seal, including this Defendant, this Court notified all counsel of record on the various Motions to Seal that any additional memorandum on the respective positions of the State and defense counsel would be accepted up until the close of business on November 1, 2010. Through such correspondence, this Court also notified all counsel that oral argument would be conducted on November 5, 2010, with decisions to be issued on November 12, 2010. The Court did in fact conduct oral argument on November 5, 2010, and decisions in each case in which counsel argued before this Court have been contemporaneously filed herewith.
Defendant's counsel filed a memorandum in support of her Motion to Seal with supporting affidavit, which Affidavit includes her belief that she would be entitled to immediate expungement and her inability to obtain gainful employment because of her criminal record.
For all the reasons set forth in this Court's decision inWarzycha, which is incorporated by reference herein, this Court finds that § 12-19-19, as amended in its entirety, does not apply *Page 3 
retroactively because it contains no express language or necessary implication that it is intended to apply retroactively, and because it creates substantive rights that can only be applied prospectively. Further, even if § 12-19-19 did apply retroactively, it would constitute an exercise of judicial power by the Legislature in violation of the separation of powers doctrine. Accordingly, Defendant's Motion to Seal pursuant to § 12-19-19(c) is denied.
[1] Two substantially similar bills amending § 12-19-19 were passed by the General Assembly in the 2010 legislative session.See 2010 P.L. Ch. 128 (S2646A); 2010 P.L. Ch. 256 (H7923). The Senate version, codified at 2010 P.L. Ch. 128 was enacted on June 25, 2010, prior to the July 1, 2010 enactment of H7923. For purposes of this Decision, the June 25, 2010 date of enactment is used herein.